FILED
DALLAS COUNTY
10/20/2015 4:33:51 PM
FELICIA PITRE
DISTRICT CLERK

Cause No. DC-15-11419

| | | |
|---|---|---|
| 1600 PACIFIC LANDLORD, LLC, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 101st JUDICIAL DISTRICT |
| | § | |
| ATLANTIC SPECIALITY INSURANCE COMPANY, INTERNATIONAL MARINE UNDERWRITERS, INC., AND ONEBEACON INSURANCE GROUP, LLC, | § § § § § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S AMENDED PETITION

In this Amended Petition, Plaintiff, 1600 Pacific Landlord, LLC ("1600 Pacific"), asserts claims against Defendants, Atlantic Specialty Insurance Company ("ASI"), International Marine Underwriters, Inc. ("IMU"), and OneBeacon Insurance Group, LLC ("OneBeacon IG"), for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, violations of the Deceptive Trade Practices Act ("DTPA"), unfair and/or deceptive insurance practices, and breach of the duty of good faith and fair dealing with regard to their unlawful handling of 1600 Pacific's claims for vandalism and water damage.

### I.
### DISCOVERY CONTROL PLAN

1. 1600 Pacific intends to conduct discovery in this case under Level II, Rule 190.3 of the Texas Rules of Civil Procedure. Consistent with Rule 47(c) of the Texas Rules of Civil Procedure, 1600 Pacific seeks monetary damages in excess of $1,000,000.00.

EXHIBIT
E

## II.
## PARTIES

2. Plaintiff 1600 Pacific is a foreign limited liability company with its principal place of business located at 812 Gravier Street, Suite 200, New Orleans, LA 70112.

3. Defendant ASI is a foreign entity with its principal place of business located at 150 Royall Street, Canton, MA 02021. ASI is doing business in Texas but does not maintain a registered agent in this state. Therefore, ASI can be served by sending a copy of this pleading and the summons to ASI through the Secretary of State via certified mail to Atlantic Specialty Insurance Company Paralegal, 150 Royall Street, Canton, MA 02021.

4. Upon information and belief, Defendant IMU is a foreign entity that is doing business in Texas but does not maintain a registered agent in this state. Therefore, IMU can be served by sending a copy of this pleading and the summons to IMU through the Secretary of State via certified mail to International Marine Underwriters, 1100 Poydras Street, Suite 1220, New Orleans, LA 70163-1220.

5. Upon information and belief, Defendant OneBeacon IG wholly owns Defendant ASI and Defendant IMU as a subsidiaries. Defendant OneBeaon IG is a foreign entity with its principal place of business located at 605 Highway 169 North, Suite 800, Plymouth, MN 55441. OneBeacon IG is doing business in Texas but does not maintain a registered agent in this state. Therefore, OneBeacon IG can be served through the Secretary of State via certified mail to OneBeacon Insurance Group, LLC at 605 Highway 169 North, Suite 800, Plymouth, MN 55441. Alternatively, OneBeacon IG can be served with process and a copy of this petition by serving one of its officers located at 605 Highway 169 North, Suite 800, Plymouth, MN 55441.

6. Hereinafter, ASI, IMU, and OneBeacon IG may be collectively referred to as

Plaintiff's Amended Petition – Page 2

"OneBeacon" or "Defendants."

## III.
## VENUE AND JURISDICTION

7. The subject matter in controversy is within the jurisdictional limits of this Court.

8. The Court has jurisdiction over the parties because all of the Defendants have transacted business in Texas, and more specifically, in Dallas County, Texas.

9. Venue in Dallas County, Texas is proper in this case because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Dallas County, Texas. In addition, this case involves a dispute related to an insurance contract involving the amount of damages resulting vandalism and water damage to real property located at 1600 Pacific, Dallas, Texas.

## IV.
## BACKGROUND

10. Based on Quote #1557277-1, 1600 Pacific purchased from OneBeacon builder's risk insurance that was effective from April 30, 2014 through October 1, 2015 (the "Insurance Contract"). The Insurance Contract covered real property located at 1600 Pacific Avenue, Dallas, Texas 75201 while it was undergoing renovations and/or construction (the "Property").

11. On or about May 5, 2015, an individual or individuals gained unauthorized access to the Property and vandalized it, causing approximately $471,643.58 in damages. On or about May 22, 2015, 1600 Pacific provided proper notice of the vandalism claim under the Insurance to OneBeacon. In response, OneBeacon assigned an adjuster to investigate the claim and gave it a claim number of OAB129738 (the "Vandalism Claim").

12. On or around July 28, 2015, 1600 Pacific submitted a sworn, Partial Proof of Loss

Statement for the Vandalism Claim to OneBeacon that included supporting documentation from one of 1600 Pacific's contractors for the preliminary estimated costs to repair the vandalism damage in the amount of $144,687.08.

13. Since providing proper notice of the Vandalism Claim, and thereafter a sworn Partial Proof of Loss Statement for the preliminary estimated damages, 1600 Pacific has made repeated requests for payment and/or information regarding the status of deciding the Vandalism Claim. Despite such requests, however, OneBeacon has not properly (a) acknowledged, investigated, and/or requested information about the Vandalism Claim, (b) accepted, rejected, or extended the deadline for deciding the Vandalism Claim, and/or (c) paid any amounts for the Vandalism Claim, even though it is covered under the Insurance Contract.

14. Additionally, on or around June 20, 2015, a water line broke causing water damage to the Property in the approximate amount of $471,679.64. Accordingly, on or around June 22, 2015, 1600 Pacific provided proper notice of the water-damage claim under the Insurance to OneBeacon. In response, OneBeacon assigned the claim to an adjuster and gave it a claim number of OAB132724 (the "Water Claim") (collectively, the Vandalism Claim and Water Claim may be referred to as the "Claims").

15. Since providing proper notice of the Water Claim, 1600 Pacific has made repeated requests for payment and/or information regarding the status of deciding the Water Claim. In response, OneBeacon verbally represented that the Water Claim was covered and would advance a payment for repairs, but to date, no payments have been made. Moreover, OneBeacon has not properly (a) acknowledged, investigated, and/or requested information about the Water Claim, (b) accepted, rejected, or extended the deadline for deciding the Water Claim, and/or (c) paid any

amounts for the Water Claim, even though the Water Claim is covered under the Insurance Contract as already admitted by OneBeacon.

## V.
## CAUSES OF ACTION

16. 1600 Pacific incorporates by reference the foregoing allegations in all of the causes of action asserted below.

### A.   BREACH OF CONTRACT

17. The Insurance Contract is an enforceable contract between 1600 Pacific and OneBeacon.

18. OneBeacon has breached the Insurance by failing to timely and properly pay the amounts owed to 1600 Pacific for the covered Claims.

19. Consequently, 1600 Pacific has been damaged in an amount that exceeds the jurisdictional limits of this Court, for which sums 1600 Pacific hereby sues.

### B.   VIOLATIONS OF CHAPTER 542 OF THE TEXAS INSURANCE CODE

20. OneBeacon's acts, omissions, and failures to properly adjust and pay the Claims are in violation of Chapter 542 of the Texas Insurance Code. Within 15 days after the receipt of either actual or written notice of the Claims, OneBeacon did not request from 1600 Pacific any items, statements, and forms that OneBeacon reasonably believed at that time would be required from 1600 Pacific for its vandalism and/or water damages. OneBeacon further violated Chapter 542 by failing to timely accept or reject the Claims in writing, and by further failing to timely pay the covered Claims as required.

21. As a result of OneBeacon's violations of Chapter 542, 1600 Pacific has been harmed in an amount that exceeds the minimal-jurisdictional limits of this Court. In addition to recovering

its actual damages, 1600 Pacific is further entitled to recover statutory damages of 18% interest per year on the amount of the Claims under Chapter 542.060(a).

## C. VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

22. OneBeacon's foregoing acts, omissions, and failures have also violated Sections 17.46(b)(5), (7), (12) and (20) of the Texas Deceptive Trade Practices Act ("DTPA"). In this regard, OneBeacon's violations include, without limitation:

    a. Unreasonable delays in the investigation, adjustment, and resolution of the Claims,

    b. Failure to properly investigate Claims, and

    c. Failure to timely pay the Claims after OneBeacon's liability had become reasonably clear.

23. OneBeacon represented to 1600 Pacific that the Insurance Contract had characteristics or benefits that it did not have, which gives 1600 Pacific the right to recover under Section 17.46(b)(5) of the DTPA.

24. OneBeacon represented to 1600 Pacific that the Insurance Contract conferred or involved rights, remedies, or obligations that it did not have, which gives 1600 Pacific the right to recover under Section 17.46(b)(12) of the DTPA.

25. By representing that OneBeacon would pay to repair the water damages covered by the Water Claim and then not doing so, OneBeacon further violated Sections 17.46(b)(5), (7), and (12) of the DTPA.

26. OneBeacon also breached an express warranty that the vandalism and water damages would be covered under the Insurance. This breach entitles 1600 Pacific to recover under

Plaintiff's Amended Petition – Page 6

Sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

27. OneBeacon's conduct, acts, omissions, and failures are unfair practices of insurance in violation of Section 17.50(a)(4) of the DTPA.

28. All of the above-described acts, omissions, and failures of OneBeacon are a producing cause of 1600 Pacific's damages, for which 1600 Pacific hereby sues.

D. UNFAIR INSURANCE PRACTICES

29. By its acts, omissions, failures, and conduct, OneBeacon has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

30. Such violations include, without limitation, OneBeacon's unreasonable delays in the investigation, adjustment, and resolution of the Claims and its failure to timely pay the Claims after OneBeacon's liability had become reasonably clear.

31. OneBeacon is guilty of the following unfair insurance practices and violations of Chapter 541 of the Texas Insurance Code:

    a. Engaging in false, misleading, and deceptive acts or practices in the business of insurance;

    b. Engaging in unfair claims settlement practices;

    c. Misrepresenting to 1600 Pacific pertinent facts or policy provisions relating to the coverage at issue;

    d. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of the Claims after OneBeacon's liability had become reasonably clear;

    e. Failing to affirm or deny coverage of the Claims within a reasonable time;

    f. Refusing to pay the Claims without conducting a reasonable investigation; and

    g. Failing to promptly provide a reasonable explanation of the basis of the Insurance Contract, in relation to the facts or applicable law, for the denial of a claim or for the offer of a compromise settlement.

  32. OneBeacon has also breached the Texas Insurance Code by breaching the duty of good faith and fair dealing.

  33. Consequently, 1600 Pacific has been harmed.

E. **BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

  34. OneBeacon has further breached its common-law duty of good faith and fair dealing by unreasonably delaying payment of the Claims and by failing to settle the Claims because it knew or should have known it was reasonably clear that the Claims were covered.

  35. Consequently, 1600 Pacific has been harmed in an amount that exceeds the minimum-jurisdictional limits of this Court, for which sums 1600 Pacific hereby sues.

F. **WAIVER AND ESTOPPEL**

  36. OneBeacon has waived and/or is estopped from contending that 1600 Pacific failed to sign a proof of loss or provide any other information as a condition precedent to bringing this lawsuit.

G. **DECLARATORY JUDGMENT**

  37. TEXAS CIVIL PRACTICE & REMEDIES CODE §§ 37.001 *et seq.* provides a way to "settle and afford relief from uncertainty and insecurity with respect to the rights, status, and other legal relations . . . ." A person "whose rights, status, or other legal relations are affected by a . . . contract

... may have determined any question or construction or validity arising under the instrument ... [or] contract ... and obtain a declaration of rights, status, or other legal relations there under." *Id.* § 37.004.

38. Justifiable controversies exist between 1600 Pacific and OneBeacon. 1600 Pacific contends that Claims are covered under the Insurance. Therefore, 1600 Pacific seeks a judicial declaration that the Claims are covered and owing to 1600 Pacific under the Insurance Contract.

## H.   DAMAGES

39. By its unlawful conduct, OneBeacon has caused 1600 Pacific damages, including, without limitation, the cost to properly repair the Property and any investigative and engineering fees incurred during the claim process. 1600 Pacific is also entitled to recover the amount of the Claims plus 18% per annum interest against OneBeacon as damages under Section 542.060 of the Texas Insurance Code, plus 1600 Pacific is further entitled to recover its reasonable attorneys' fees.

## I.   TREBLE DAMAGES

40. Upon information and belief, OneBeacon has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of its knowing and intentional misconduct, 1600 Pacific is entitled to recover additional damages of up to three times actual damages under Section 17.50(b)(1) of the DTPA and Chapter 541 of the Texas Insurance Code.

## J.   EXEMPLARY DAMAGES

41. OneBeacon's breach of its duty of good faith and fair dealing owed to 1600 Pacific was done "intentionally" and with "malice" and "gross negligence" as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. Therefore, 1600 Pacific seeks the

recovery of exemplary damages in an amount to be determined by the trier of fact that is sufficient to punish OneBeacon and others similarly situated from committing similar acts in the future.

K. ATTORNEYS' FEES

42. As a result of OneBeacon's above conduct, 1600 Pacific has been forced to retain the undersigned attorneys to prosecute this lawsuit and has agreed to pay reasonable attorneys' fees. 1600 Pacific is therefore entitled to recover its attorneys' fees under Chapters 37 and 38 of the Texas Civil Practices and Remedies Code, Chapters 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## VI.
## RULE 194 REQUEST FOR DISCLOSURE

43. Consistent with Rule 194 of the Texas Rules of Civil Procedure, 1600 Pacific requests that OneBeacon disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a) through (l).

## VII.
## JURY DEMAND

44. 1600 Pacific requests a trial by jury.

## VIII.
## PRAYER

Therefore, 1600 Pacific prays that the Defendants be cited to appear and answer herein, and upon final trial, award judgment in 1600 Pacific's favor and against the Defendants as follows:

1. Actual, economic, consequential, additional and/or treble, and/or exemplary damages in an amount within the jurisdictional limits of the Court;

2. Declaratory judgment as requested herein;

3. Reasonable attorneys' fees through trial and on appeal;

4. Pre-judgment and post-judgment interest as provided by law;

5. Costs of Court; and

6. Such other and further relief to which the 1600 Pacific may be justly entitled.

DATED: October 20, 2015

Respectfully submitted,

By: /s/ Michael S. Alfred
Michael S. Alfred
State Bar No. 24014416
HALLETT & PERRIN, P.C.
1445 Ross Avenue
Suite 2400
Dallas, Texas 75202
Telephone: (214) 953-0053
Facsimile: (214) 922-4142
malfred@hallettperrin.com